UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV253-3-MU

SIDNEY EUGENE BROWN,            )
                                )
    Petitioner,                 )
                                )
    v.                          )           **O R D E R**
                                )
JAMES ROY COOPER,               )
    Respondent.                 )
_____)

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petitioner for Writ of Habeas Corpus filed on June 19, 2006 (Document No. 1.)  For the reasons stated herein, the Petitioner's case will be dismissed as time-barred.

## I. Factual and Procedural Background

According to his Petition, on October 1, 2002, Petitioner was convicted by a jury of robbery with a dangerous weapon and was sentenced to 144 to 182 months imprisonment. Petitioner appealed his conviction and sentence to the North Carolina Court of Appeals. On November 18, 2003, the Court of Appeals found no error in Petitioner's trial and affirmed his conviction. On March 27, 2006, more than two years following the conclusion of Petitioner's direct review process, Petitioner filed a Motion for Appropriate Relief ("MAR") in March 2006 which was denied on May 4, 2006. Petitioner did not appeal the denial of his MAR. Petitioner filed the instant petition on June 19, 2006 alleging ineffective assistance of counsel and improper investigation by law enforcement.

1

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted above, the instant Petition reports that Petitioner sustained his conviction and sentence on October 1, 2002. The North Carolina Court of Appeals found no error and affirmed Petitioner's conviction and sentence on November 18, 2003. Petitioner

allowed more than two years to elapse after his direct review process was completed before he initiated his unsuccessful collateral review proceedings in the North Carolina courts. Thus while the AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, that fact is of little consequence here. That is, the Petitioner's one-year period already had expired before he even began collateral review. Specifically, Petitioner's direct appeal concluded on November 18, 2003 when the North Carolina Court of Appeals found no error in his trial and affirmed his sentence and conviction. Petitioner then waited for over two years before filing his MAR which was denied on May 4, 2006. Therefore, the Petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations.

No doubt, the Petitioner was aware that his Petition likely would be construed as time-barred.[1] In response to the question on his form-petition regarding timeliness, Petitioner stated that " . . . the process of justice is different for me and those like me in many areas. In which can be clearly seen in my case where there was no supporting facts surrounding the suppose [sic]

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill. The new forms now include a section which directs the petition to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) [also set forth on the from] does not bar [such] motion." Accordingly, given the fact that the Petitioner has addressed the timeliness of his Petition – albeit unsuccessfully – the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

crime." (Petition at 14.)  Petitioner further explained that he is not versed in the law and "no one desire to help you in this state without holding your files for months and years before writing back to tell you there's no way that they might assist you, in any areas of justice.  Leaving you without what steps to take under laws." (Id.)  Needless to say, Petitioner has failed to articulate a proper basis for tolling the applicable limitation period, or for otherwise extending the time in which he had to file the instant petition.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is allowed in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. Denied, 125 S.Ct 209 (2004).  See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004).  Here, the Petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement.  Therefore, equitable tolling also is not available for the Petitioner.

## III. Conclusion

The Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court.  Accordingly, such Petition must be dismissed.

## IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED.**

Signed: June 20, 2006

Graham C. Mullen
United States District Judge