**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:06CV253-3-MU**

| | | |
|---|---|---|
| **SIDNEY EUGENE BROWN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **O R D E R** |
| | ) | |
| **STATE OF NORTH CAROLINA,** | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion pursuant to Rule 60(b)

(Document No. 11) filed on August 9, 2006. For the reasons stated herein, the Petitioner's

motion will be <u>denied</u>

### I. <u>Factual and Procedural Background</u>

According to his Petition, on October 1, 2002, Petitioner was convicted by a jury of

robbery with a dangerous weapon and was sentenced to 144 to 182 months imprisonment.

Petitioner appealed his conviction and sentence to the North Carolina Court of Appeals. On

November 18, 2003, the Court of Appeals found no error in Petitioner's trial and affirmed his

conviction. On March 27, 2006, more than two years following the conclusion of Petitioner's

direct review process, Petitioner filed a Motion for Discretionary Review (not a Motion for

Appropriate Relief as stated in this Court's prior Order) on March 27, 2006 which was denied on

May 4, 2006. (See Order Denying Motion for Discretionary Review, attached as exhibit to

Petitioner's Complaint.) Petitioner filed a Petition for Writ of Habeas Corpus on June 19, 2006

alleging ineffective assistance of counsel and improper investigation by law enforcement which

was denied by this Court on June 20, 2006 as time barred[1] (See Document No. 2.)

Petitioner filed the instant motion claiming that he never filed a Motion for Appropriate

Relief as this Court stated in its Order denying his Petition.  Therefore, the Court made an error

in the Order dismissing his case.  The Court did incorrectly state that Petitioner filed a Motion for

Appropriate Relief ("MAR") in March 2006, when in fact, Petitioner filed a Motion for

Discretionary Review on March 27, 2006.  This mistake however, does not change the Court's

analysis that Petitioner's Petition for Writ of Habeas Corpus is untimely.

## II. **Analysis**

As previously stated in this Court's Order dismissing Petitioner's Habeas Corpus Petition

(Document No. 2), in April 1996, the U.S. Congress enacted the Antiterrorism and Effective

Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the

following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).  There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation."  Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill.  The new forms now include a section which directs the petition to address the "timeliness of [his/her] motion."  In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) [also set forth on the from] does not bar [such] motion."  Accordingly, given the fact that the Petitioner has addressed the timeliness of his Petition – albeit unsuccessfully – the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

person in custody pursuant to the judgment of a State court.  The limitation period shall run from

the latest of –

      (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

      (B)     the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)     the date on which the factual predicate of the claim or claims presented could have
been discovered through the exercise of due diligence.


Furthermore, the AEDPA provides that the time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted, the instant Petition reports that Petitioner sustained his conviction and

sentence on October 1, 2002.  Petitioner filed a direct appeal which was denied on November 18,

2003.  On, March 27, 2006, more than two years following the conclusion on Petitioner's direct

review process, Petitioner filed a Motion for Discretionary Review (not as previously stated, a

Motion for Appropriate Relief), which was denied by Order dated May 4, 2006.  However,

Petitioner allowed more than one year to elapse after his conviction and sentence <u>before</u> he

initiated his unsuccessful collateral review proceedings in the North Carolina courts.  Thus while

the AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during

which he was pursuing State collateral review, that fact is of little consequence here.

That is, the Petitioner's one-year period already had expired before he even began collateral review. Therefore, the Petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations.

In the instant motion, Petitioner asks this Court to reconsider its Order dismissing the Petition as time barred because the Court stated that Petitioner filed a Motion for Appropriate Relief when in fact, he filed no such motion. It is true that Petitioner did not file a Motion for Appropriate Relief, however, Petitioner did file a Motion fro Discretionary Review on March 27, 2006 which was denied on May 4, 2006. Although the Court called Petitioner's motion by the wrong name, the impact is the same. That is, Petitioner filed his Motion for Discretionary Review long after this one year limitations period had already expired. Therefore, as stated in this Court previous Order, Petitioner's Petition for a Writ of Habeas Corpus is time barred.

### III. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Motion Pursuant to Rule 60(b) (Document No. 11) is Denied.

**SO ORDERED.**

Signed: August 14, 2006

Graham C. Mullen
United States District Judge